## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth Transportation
Commissioner of Virginia

v.

William H. Trout et al.

December 21, 1989

Case No. (Law) 10409

By JUDGE JAMES H. CHAMBLIN

This letter addresses the issue of whether the Commonwealth Transportation Commissioner of Virginia ("Commissioner") has the right to nonsuit the instant condemnation proceeding as to the property of Mr. and Mrs. William H. Trout ("landowners").

For the reasons hereinafter set forth, I am of the opinion that the Commonwealth does have the right to nonsuit the condemnation proceeding without expenses being awarded to the landowners.

The Commissioner affected a "quick take" of the landowners' property by the recordation of a certificate pursuant to the provisions of Article 7, Chapter 1, Title 33.1, of the Code of Virginia. Under § 33.1-122 upon recordation of the certificate, title to such property becomes vested in the Commonwealth. Such title is defeasible until the Commissioner and the landowner reach an agreement as to compensation or the compensation is determined by condemnation proceedings. Under § 33.1-127, the Commissioner must generally institute condemnation proceedings within sixty days after the construction of the highway has been completed. There has been no evidence presented that the highway construction has been completed in this case. Further, under certain conditions, if the Commissioner has

not instituted condemnation proceedings, then under Section 33.1-132, the landowner can commence proceedings to determine compensation.

The landowners have not contested the validity of the taking. The only issue to be decided is that of compensation. It is a dispute over money just like any other suit for damages. All the landowners can argue is a delay in getting their money. However, § 33.1-124 allows the landowner to "draw down" the amount represented by the certificate at any time after it has been recorded. This usually allows a landowner to secure at least some of the compensation well before an award is made. Further, interest is awarded on any excess over the amount in the certificate. As disliked as a nonsuit may be by the bar and litigants, it is part of our civil procedure.

Under the general nonsuit statute (§ 8.01-380), a nonsuit can be taken "as to any cause of action or claim." Section 8.01-2 provides that as used in Title 8.01, "action" includes "all civil proceedings at law, in equity, or statutory in nature." The present proceeding under the Virginia General Condemnation Act (§ 26-46.1 *et seq.*) (the "Act") is civil and is statutory in nature.

The landowners also argue that a nonsuit is not permitted in a condemnation proceeding under the Act because under § 25-46.2 "[u]nless otherwise specifically provided bylaw, all proceedings for condemnation of property under the power of eminent domain shall be brought and conducted according to the provisions of this chapter (the Virginia General Condemnation Act)," and there is no specific provision in the Act as to a nonsuit similar to § 8.01-380. I feel that the nonsuit provisions of Section 8.01-380 are "otherwise specifically provided by law." Support for this position can be derived from the provisions of § 25-46.34 which allow for the payment of expenses to the landowner if the petitioner exercises its right to dismiss the suit where it has not already acquired title to the property. Section 25-46.34 does not address the situation where the petitioner has already acquired title. There is a good reason for the distinction. If the petitioner who has not acquired title decides to dismiss the suit and, thereby, not pursue the taking, then it is obvious that the landowner should be compensated for expenses that he should never have had to incur in the

first place. But where, as here, title has already been vested in the Commonwealth and the issue is solely compensation, the nonsuit rule as to civil suits for money should be equally applicable.

The Commissioner has the right to the nonsuit. The consent of the landowners is not required, and the landowners are not entitled to be paid expenses incurred in preparing for trial. After a "quick take," a landowner runs the same risk of the plaintiff or petitioner taking a nonsuit as a defendant in any other type of civil litigation.